UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PATRICK OBESHAW,   )
                   )
        Plaintiff, )      Case No. 1:08-cv-559
                   )
v.                 )      Honorable Robert Holmes Bell
                   )
COMMISSIONER OF    )
SOCIAL SECURITY,   )
                   )      **REPORT AND RECOMMENDATION**
        Defendant. )
_____)

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On July 19, 2004, plaintiff filed his application for DIB benefits, claiming a November 1, 2001 onset of disability. (A.R. 46, 52-53). Plaintiff's claim was denied on initial review. (A.R. 32-39). On July 10, 2006, plaintiff received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 423-44). Plaintiff's disability insured status expired on December 31, 2006. (A.R. 52). On February 22, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-22). On April 19, 2008, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

On June 13, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. The two issues raised by plaintiff are as follows:

> I. THE COMMISSIONER'S DECISION THAT PLAINTIFF DID NOT SUFFER FROM A "SEVERE" IMPAIRMENT OF DEPRESSION DOES NOT HAVE SUBSTANTIAL SUPPORT IN THE RECORD.
>
> II. NEW AND MATERIAL EVIDENCE IN THE FORM OF A PSYCHOLOGICAL REFERRAL AND EVALUATION DEMONSTRATES THAT THIS CASE SHOULD BE REMANDED UNDER SENTENCE SIX OF § 405(g).

(Statement of Errors, Plaintiff's Brief at iv, docket # 10). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial

evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of November 1, 2001, through December 31, 2006, but not thereafter. Plaintiff had not engaged in substantial gainful activity from his alleged onset of disability through his date last insured. (A.R. 16). The ALJ found that plaintiff had the severe impairments of "degenerative disk disease of the lumbar spine causing chronic lower back pain." (A.R. 16). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform unskilled work consisting of lifting and carrying 10 pounds occasionally and 5 pounds frequently; sitting and standing for 30 minutes at a time with the ability to alternate his positions between those activities at will; performing gross and fine manipulations with his upper extremities; and performing all other postural, manipulative, visual, communicative, and environmental work-related tasks, except that he can never climb ladders and scaffolds and only occasionally squat.

(A.R. 17).

The ALJ determined that plaintiff's subjective complaints were not fully credible:

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could have been reasonably been expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

While the record does document that the claimant has a history of back pain, the evidence does not support symptoms so severe and debilitating that they would prohibit the claimant from performing work within the residual functional capacity described above. The medical evidence reveals that following a 1997 IDET procedure, the claimant had significant relief from his back pain. Nevertheless, according to the claimant, his back and left leg pain gradually returned. However, despite the claimant's allegation of disabling levels of pain, a review of the medical evidence does not reveal significant objective clinical signs or findings establishing that the claimant's back pain would prevent him from performing work with the above-described residual functional capacity. For instance, a March 2002 discography was "absolutely negative" and "although the three discs did uniformly appear to be degenerated on discography, none of the lumbar discs produced any pain whatsoever" (Exhibit 3F) [A.R. 186]. Moreover, in July 2002, the claimant was referred for a consultation with a pain specialist, Dr. James R. MacKenzie, M.D., who examined the claimant and determined that he had "chronic low back pain with radiographic evidence of disk degeneration but nothing to suggest recurrent or persistent lumbosacral nerve root injury" (Exhibit 5F) [A.R. 209]. Dr. MacKenzie did note "old left L4 radiculopathy." [A.R. 208]. The medical evidence also reveals that, in May 2002, the claimant's treating physician, Dr. Gary L. Fuchs, assessed the claimant with degenerative disk disease of the lumbar spine. Although the treatment records do note a history of an April 2002 EMG evidence of radiculopathy with chronic denervation in the left leg, that testing did not evidence any peripheral neuropathy or myopathy. Upon physical examinations, the claimant exhibited some paralumbar muscle tenderness with palpation, a guarded gait and a mildly diminished range of motion, but otherwise he had normal muscle strength, negative straight-leg raises, no sensory loss, normal reflexes and no muscle spasms. Thus, although the record documents the claimant experiences some level of discomfort in his lower back, the evidence

did not reveal sufficient positive findings or objective evidence of radiculopathy, as one would expect given his allegations of complete inability to work (Exhibits 1F, 3F, 5F, 6F, 9F, 18F, 19F, 20F) [A.R. 141-65, 167-205, 207-11, 237-49, 298-331, 335-43].

Furthermore, the claimant's daily activities are consistent with the above residual functional capacity and are inconsistent with disabling levels of pain. The record indicates that the claimant can perform his own household chores, go shopping, do laundry, cook, walk for exercise, drive, ride a bike at times, care for his personal needs, visit with friends, perform yard work, paint his home's interior, and attend a master gardener's course through a university (Exhibits 9E, 11F) [A.R. 101-08, 256-62]. Consequently, given his reported daily activities, one could infer that the claimant is able to work some type of job a full workday. Furthermore, at the hearing, the claimant was able to follow the proceedings fully and closely and without any noted distractions. He also betrayed no evidence of discomfort while testifying at the hearing. While the hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall level of pain on a day-to-day basis, the apparent lack of discomfort during the hearing is given some slight weight in reaching the conclusion regarding the credibility of the claimant's allegations and the claimant's residual functional capacity. For these reasons, the undersigned concludes that the claimant's allegations concerning his inability to work because of pain and other subjective complaints are not entirely forthright, and he retains the residual functional capacity for the range of work expressed above.

(A.R. 18-19). Plaintiff was unable to perform his past relevant work. (A.R. 21). Plaintiff was 44-years-old as of the date of his alleged onset of disability and 49 years old as of the date his disability insured status expired. Thus, at all times relevant to his claim, plaintiff was classified as younger individual. (A.R. 21). ALJ found that plaintiff has at least a high school education and is able to communicate in English. (A.R. 20). Plaintiff did not have skills transferable to jobs within his RFC. (A.R. 21). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 6,800 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 441-42). The ALJ held that this constituted a significant number of jobs. Using Rules 201.21 and 202.29 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 14-22).

**1.**

Plaintiff's brief begins with what is labeled as a "Motion for Remand Pursuant to Sentence Four and Sentence Six." (Plf. Brief at 1, docket # 10). He then makes the following request for relief:

> [Plaintiff] moves this Court to remand this case for further proceedings pursuant to Sentence Four of 42 USC § 405(g) as more fully explained in the attached Motion for Remand Pursuant to Sentence Four and Sentence Six of 42 US[C] § 405(g) [sic] as more fully explained in the attached Brief in Support of Motion.

(Plf. Brief at 1). Plaintiff cannot be granted both types of remand. The two types of remand available are mutually exclusive.

"A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. For more than fifteen years it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is

limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996). The court can consider evidence that was not before the ALJ only in the sentence six context. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff requests that the court remand this matter to the commissioner under sentence six of 42 U.S.C. § 405(g). (Plf. Brief at 7-8; Reply Brief at 3-4, docket # 15). Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

Plaintiff states, "After the Unfavorable Decision dated February 22, 2007, Mr. Obeshaw was referred by his treating physician, Dr. Manges, for neuropsychological testing." (Plf. Brief at 7). The July 29, 2007 psychological report generated by Leif V. LaLone, Ph.D. (A.R. 389-92) is "new" because it did not exist when the ALJ entered his decision. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357; *see also Templeton v. Commissioner*, 215 F. App'x 458, 463 (6th Cir. 2007).

Plaintiff's argument that "Good cause is established [because] this evidence was submitted after the ALJ's decision . . . but before the Appeals Council rendered its final decision on April 19, 2008" (Plf. Brief at 7) is meritless. The Appeals Council denied review. The ALJ's decision is the Commissioner's final decision before this court for review. *See Jones v. Commissioner*, 336 F.3d at 478. "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause). Plaintiff offers no evidence regarding any effort made to obtain and submit the proffered evidence before the ALJ issued his decision. I find that plaintiff has not carried his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff's initial brief offered two conclusory sentences on the materiality issue:

> Materiality is established with the second psychological examination on 7/29/07 diagnosing Mr. Obeshaw with Depressive Disorder NOS due to a general medical condition and current GAF of 40. Dr. LaLone gave Mr. Obeshaw a "poor" prognosis. (Tr. 392).

(Plf. Brief at 7). Plaintiff's reply brief, in a similar vein, stated as follows: "The psychological examination in question was conducted five months after the unfavorable Decision dated February 22, 2007. It certainly relates to Mr. Obeshaw's depressive disorder which has been consistently recognized [by] medical care providers at Northern Michigan Pain Specialists. Tr. 176-231" (Reply Brief at 4).

Plaintiff's disability insured status expired on December 31, 2006. Thus, it was plaintiff's burden to submit evidence demonstrating that he was disabled on or before December 31, 2006. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Dr. LaLone evaluated plaintiff on July 13, 2007 (A.R. 389), seven months after plaintiff's disability insured status expired. Documents generated after expiration of plaintiff's disability insured status are "minimally probative," and are considered only to the extent that they illuminate a claimant's health before the expiration of his insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Strong v. Social Security Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004). Dr. LaLone did not purport to assess plaintiff's condition on or before December 31, 2006, on the basis of the July 2007 examination. I find that Dr. LaLone's July 29, 2007 report (A.R. 389-92) is not material.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. I recommend that plaintiff's request for a sentence six remand be denied. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ erred by not finding that his depression was a severe impairment. (Plf. Brief at 3-7). This argument is meritless. The ALJ found at Step 2 of the

sequential analysis[1] that plaintiff had severe impairments of "degenerative disk disease of the lumbar spine causing chronic lower back pain." (A.R. 16). The failure to find additional severe impairments at Step 2 is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009); *see Simpson v. Commissioner*, No. 08-3651, slip op. at 17 (6th Cir. Aug. 27, 2009); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

**3.**

Plaintiff argues that the ALJ's RFC determination should have included additional restrictions based on the mental impairment of depression and that the opinions offered by Boyd Manges, M.D., a treating physician, should have been accorded greater weight. (Plf. Brief at 4; Reply Brief at 2-3). Neither argument provides a basis for disturbing the Commissioner's decision. Upon review I find no violation of the treating physician rule, that the ALJ provided good reasons for the weight given to Dr. Manges's opinions, and that there is more than substantial evidence

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

supporting the ALJ's finding that plaintiff's depression did not prevent him from performing unskilled work.

The ALJ considered Dr. Manges's opinions at length, devoting nearly two pages of single-spaced text to addressing those opinions. This portion of the ALJ's opinion (A.R 19-20) is incorporated herein by reference. The ALJ found that Dr. Manges's opinions were not well supported by his clinical findings, were inconsistent with the record as a whole, and were entitled to little weight. Plaintiff had no history of hospitalizations for mental impairments. He offered little evidence supporting his claim of a disabling mental impairment. The ALJ observed that during a consultative psychological examination conducted in the fall of 2004 (A.R. 257) plaintiff related that approximately three times in 2003 he saw a psychiatrist at a pain clinic, but no underlying treatment records were offered in support of plaintiff's claim for DIB benefits. (A.R. 20). Psychologist Leonard Balunas, Ph.D., found that any limitations stemming from plaintiff's mental impairment would not prevent him from performing unskilled work. (A.R. 286). The ALJ rejected Dr. Manges's opinions regarding the functional limitations stemming from plaintiff's mental impairment:

> Regarding the claimant's mental abilities, as previously noted, the record does not establish that the claimant's depressive feelings cause him more than minimal limitations. Furthermore, the claimant's testimony concerning any depression was vague, and he did not allege that his ability to work was limited in any way by it. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality that should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients' requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case. Additionally, concerning Dr. Manges's statement that the claimant is "totally unemployable"; the undersigned notes that, generally, a treating physician's medical opinion, on the issue of the

> nature and severity of the impairment is entitled to special significance. On the other hand, however, statements that the claimant is "disabled," "unable to work," can or cannot perform a past job or the like are not medical opinions but are administrative findings dispositive of the case, requiring a familiarity with the Regulations and the legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate his statutory responsibility to determine the ultimate issue of disability. In any event, after stating that the claimant was unemployable, Dr. Manges then explained that, following retraining, the claimant could perform sedentary work, a conclusion which is consistent with the residual functional capacity in this case. Thus, because Dr. Manges's assessments of the claimant are not well supported by clinical findings or consistent with the entire record, the undersigned assigns those opinions little weight.

(A.R. 20).

The ALJ was correct. The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner, and a treating physician's opinion that a patient is disabled is not "giv[en] any special significance." 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirement of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *Deaton*, 315 F. App'x at 598; *Warner*, 375 F.3d at 390.

It is the ALJ's job to resolve conflicting medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Mitchell v. Commissioner*, No. 08-6244, 2009 WL 1531879, at * 3 (6th Cir. June 2, 2009); *Martin v. Commissioner*, 170 F. App'x 369, 373 (6th Cir. 2006). Judicial review of the Commissioner's final administrative decision does not encompass resolving such conflicts. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) *Walters v. Commissioner*, 127

F.3d at 528; *see Price v. Commissioner*, No. 08-4210, 2009 WL 2514079, at * 2 (6th Cir. Aug. 19, 2009). The treatment relationship is one of the factors that the ALJ considers in determining what weight to give a medical opinion. Generally, more weight is given to the medical opinions of treating sources. 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that the treating source's opinion on the issues of the nature and severity of the claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case, the social security regulations specify that the ALJ is to give the medical opinion controlling weight.[2] *Id.*; *see McGrew v. Commissioner*, No. 08-4561, 2009 WL 2514081, at * 3 (6th Cir. Aug. 19, 2009); *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009); *White v. Commissioner*, 572 F.3d 272, 285-86 (6th Cir. 2009). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of her symptoms is not entitled to any particular weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146,

---

[2]Plaintiff does not claim that Dr. Manges's opinions were entitled to controlling weight. He concedes that, "A canvas of [Dr. Manges's] progress notes demonstrate that they are cursory and superficial at best." (Plf. Brief at 5).

151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 2009 WL 1531879, at * 5-6; *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d at 875-76; *see Allen v. Commissioner*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876. I find no violation of the treating physician rule. The ALJ's decision is supported by more than substantial evidence and he complied with the procedural requirement of providing "good reasons" for the weight he gave to Dr. Manges's opinions.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed and that his request for a remand to the agency be denied.


Dated:   September 2, 2009		/s/  Joseph G. Scoville
					United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).