UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK OBESHAW,

    Plaintiff,

v.                                       CASE NO. 1:08-cv-559

COMMISSIONER OF SOCIAL         HON. ROBERT HOLMES BELL
SECURITY,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION**

This is a social security action brought by Plaintiff Patrick Obeshaw pursuant to 42 U.S.C. § 405(g) in which Plaintiff seeks review of a final decision of Defendant Commissioner of Social Security finding that Plaintiff is not entitled to disability insurance benefits. (Dkt. No. 1.) Plaintiff requests that the Court remand the action to the agency for further review pursuant to either sentence six or sentence four of § 405(g). On September 2, 2009, Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff's request for remand be denied and that the Commissioner's decision be affirmed. (Dkt. No. 16.) Plaintiff filed objections to the R&R on September 11, 2009. (Dkt. No. 17.)

This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff objects to the Magistrate Judge's determination that he is not entitled to remand under either sentence six or sentence four of § 405(g).

*1. Sentence Six Remand*

Under sentence six of 42 U.S.C. § 405(g), "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." A sentence six remand requires "the reopening of the administrative record so that the Commissioner may consider 'new and material evidence that for good cause was not previously presented to' the Commissioner." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (quoting *Faucher v. Sec'y of HHS*, 17 F.3d 171, 174 (6th Cir. 1994)). To warrant a sentence six remand, the party seeking remand must show (1) "that the evidence at issue is both 'new' and 'material,'" and (2) "that there is 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

Plaintiff claims that the new evidence entitling him to a sentence six remand is a psychological evaluation performed on July 29, 2007, by Dr. Lief LaLone, in which Dr. LaLone described Plaintiff's prognosis as "poor." This evaluation does constitute "new"

2

evidence because it was performed after the ALJ entered his decision on February 22, 2007, and the ALJ did not consider it in denying Plaintiff's claim for disability insurance benefits. Nevertheless, on de novo review the Court agrees with the Magistrate Judge that Plaintiff has not demonstrated good cause for his failure to have the evaluation performed prior to February 22, 2007, which would have enabled the ALJ to consider it. Further, on de novo review the Court agrees with the Magistrate Judge that the July 29, 2007 report, while probative of Plaintiff's psychological condition on July 29, 2007, is only "minimally probative," if probative at all, of Plaintiff's psychological state on December 31, 2006, the date on which Plaintiff's insured status expired. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Evidence must be more than minimally probative to achieve the materiality standard required for a sentence six remand. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (holding that evidence is material only if "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence").

2. *Sentence Four Remand*

Under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] However, a sentence four remand is never appropriate if the factual findings of the Commissioner are supported by "substantial evidence." *Id.*

---

[1]Though nothing appears to prevent Plaintiff from seeking outright reversal of the Commissioner's decision under sentence four, Plaintiff asks only that the case be "remanded . . . to allow the full nature and extent of the claimant's mental status to be evaluated in order to determine whether jobs exist in the national economy that he can perform." (Dkt. No. 10, Pl.'s Br. 6-7; *see also* Dkt. No. 1, Pl.'s Compl. 2.)

Plaintiff first argues that the ALJ should have determined at Step II of the five step analysis that Plaintiff's depression was a "severe impairment," and that the ALJ's failure to do so was not supported by "substantial evidence." The Court agrees with the Magistrate Judge that, because the ALJ did find one "severe impairment" at Step II of the analysis — Plaintiff's lower back pain — it is "legally irrelevant" that Plaintiff's depression was not also designated as a "severe impairment." *McGothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (unpublished). Plaintiff seems to believe that because the ALJ did not determine that Plaintiff's depression was a "severe" impairment at Step II of the analysis, the ALJ did not consider evidence of Plaintiff's depression in calculating Plaintiff's residual functional capacity ("RFC") at Step IV. However, in calculating Plaintiff's RFC, the ALJ is required to consider both severe and non-severe impairments, and the ALJ appears to have done so in this case. 20 C.F.R. §§ 404.1520(e), 404.1545 (noting that the ALJ must consider both severe and non-severe impairments in determining a claimant's residual functional capacity); (A.R. 15, 17-21.).

Plaintiff also seems to argue that the Magistrate Judge erred in determining that there was substantial evidence to support the ALJ's assessment of the impact of Plaintiff's depression on Plaintiff's RFC. However, on de novo review the Court agrees with the Magistrate Judge that the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the

4

reviewing court would resolve the issues of fact in dispute differently."). The ALJ provides an extensive discussion of why he did not afford substantial credit to Dr. Manges' opinion (A.R. 20), and the Court does not believe that the other evidence that Plaintiff refers to in his objections to the R&R (Dkt. No. 17, at 4) is compelling enough to disrupt the ALJ's overall RFC determination in light of all the evidence in the record.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the report and recommendation (Dkt. No. 17) are **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 16) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's request for remand (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.


Dated: March 15, 2010                                        /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE